UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERRY CHAMBERS,

    Plaintiff,

    v.                                      CAUSE NO. 3:22-CV-172-RLM-MGG

DEPARTMENT OF CORRECTION,

    Defendant.

OPINION AND ORDER

    Jerry Chambers, a prisoner without a lawyer, filed a complaint against the Indiana Department of Correction, alleging IDOC failed to protect him by not transferring him out of Miami Correctional Facility when he requested a transfer. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

    Mr. Chambers has several suits pending against staff at Miami, where he is being held. He alleges that staff members are targeting him due to these lawsuits and are not protecting him from attacks by other offenders, which is putting his life in danger. Mr. Chambers says he has repeatedly sent letters to the Department of

Correction about this situation, but he hasn't been transferred to another prison. Mr. Chambers alleges that because he hasn't been transferred, another offender assaulted him on January 7, 2022, and staff failed to protect him during that incident. He also alleges that prison staff continues to harass and assault him. Mr. Chambers filed suit against the Department of Correction alleging a violation of his Eighth Amendment rights and seeking $700,000 in damages.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 832-833 (1994). To state a claim for failure to protect, a plaintiff must identify a defendant who was personally involved in the alleges constitutional violation, s*ee* Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009), and allege facts showing that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Santiago v. Wells, 599 F.3d 749, 756 (7th Cir. 2010).

IDOC can't be sued for any harm that befell Mr. Chambers. IDOC can't be sued in federal court under 42 U.S.C. § 1983 because it's an arm of the state. *See* Wagoner v. Lemmon, 778 F.3d 586, 592 (7th Cir. 2015). States and state agencies aren't "persons" for the purposes of § 1983 and so cannot be sued for damages. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989); Williams v. Wisconsin, 336 F.3d 576, 580 (7th Cir. 2003). Because Mr. Chambers names only IDOC as a defendant, the case can't proceed.

2

This complaint doesn't state a claim for which relief can be granted. Mr. Chambers may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He must identify the individual prison officials who were personally involved in the alleged constitutional violations and explain how they were involved in the events. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Jerry Chambers until **June 1, 2022**, to file an amended complaint; and

(2) CAUTIONS Mr. Chambers that if he doesn't respond by that deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 28, 2022

        s/ Robert L. Miller, Jr.
        JUDGE
        UNITED STATES DISTRICT COURT